Ballentine *v.* De Camp.

'JOSEPH W. BALLENTINE, trustee &c.,

*v.*

MARIA M. DE CAMP et al.

A testamentary trust of lands was to pay to the testator's wife and five children, in equal shares, the net rents thereof, and, after the death or remarriage of his wife, to the children, and in case of the death of any of the children, leaving lawful issue, that child's share to be paid to such issue. The testator's wife died in his lifetime, and the five children all survived him. One daughter, Laura, married and died, leaving two children and four grandchildren, the children of her deceased son who died in her lifetime.—*Held,* that each one of Laura's surviving children took one-third of her interest under the trust, and the four grandchildren of Laura's deceased son took the remaining third.

Bill for construction of will.   On final hearing on pleadings.

*Mr. J. F. Randolph* and *Mr. J. E. Ward,* for Maria M. and Edward W. De Camp.

*Mr. C. K. Cannon,* for the children of James W. De Camp, deceased.

THE CHANCELLOR.

James Wood, deceased, who died in May, 1849, by his will, created a trust, as to part of his real estate, to pay to his wife, so long as she should remain his widow, and to his five children, in equal shares, the net proceeds of the rents, and provided that after the death or remarriage of his wife, such net proceeds be paid over to his five children in equal shares, and added :

" And in case of the death of any one or more of my children, without leaving lawful issue, then to pay over the share of such deceased child or children *to* my surviving child or children, in equal parts or shares ; and in case of the death of any of my said children leaving lawful issue, then to pay over his or. her share to and among said issue, in equal parts or shares, or to their legally appointed guardian during minority."

The trust was to end on the death of all of his children, and
the estate to go to the "right heirs" of his children in fee as
tenants in common; the child or children of any deceased child
to take the part or share of the trust estate that the parent would
have taken had the testator died intestate. The testator's wife
died in his lifetime. His children all survived him. They were
William N., Sarah Ann, Jane Elizabeth, Theodore T., and Laura
Louisa. The last-named afterwards married John De Camp and
died in April, 1884, leaving surviving her two children, Maria
M. and Edward W., and four grandchildren, the children of a
deceased son, James W., who died in 1882, in her lifetime. At
Mrs. De Camp's death, Sarah Ann Wood, one of the testator's
daughters, had died childless. The two sons, William N. Wood
and Theodore T. Wood, had also died, each leaving children.
Jane Elizabeth Wood alone, of the testator's children, survived
Mrs. De Camp, and she is still living. The question presented
is, whether Mrs. De Camp's children and her grandchildren take
her share *per capita,* or whether the grandchildren take only the
share of their deceased father—that is, whether the grandchildren
together take one-third of her share (each one-twelfth), or are
each entitled to one-sixth. Whether the provision in regard to
death without lawful issue in the clause under consideration is
to be construed as meaning death in the lifetime of the testator or
not, the decision of the question will be the same. For if it is
to be so construed, the interest of Mrs. De Camp was a vested
one at the testator's death, and at her death that interest went to
her surviving children and her grandchildren, the children of
her deceased son, whose interests therein are fixed by the statute
of distributions. Mrs. De Camp appears to have been a widow
at the time of her death. Under that statute, her two surviving
children would each be entitled to one-third, and the four grand-
children (taking together what would have been their father's
share) each to one-twelfth. If the provision be construed (as I
think it should be) to mean death either before or after the testa-
tor's death, the grandchildren are entitled to take as issue, but
only *per stirpes.* The gift to the testator's children is for life

only, and at the death of any of them the issue of the decedent is to take his or her share.   The language of the will is :  ·

"In case of the death of any of my said children, leaving lawful issue, then to pay over his or her share to and among said issue, in equal parts or shares."

Mrs. De Camp's share was, under that provision, to go, upon her death, to and among her issue.   Our statute of descents provides that under a devise to one for life, and at his death to his heirs, heirs of his body or issue, the property devised shall go to the children of the life-tenant in fee, and if any child be dead, his or her issue is to take the part which would have come to him or her if living.   *Rev. p. 299 § 10.*   The will shows that the testator intended that his children's children should take the share of their parents in the places of the latter.   In providing for the division of the trust property under the trust now under consideration, at the death of his last surviving child, he directs that the property go to their respective right heirs in fee simple, to hold as tenants in common and not as joint tenants, and adds :

"It being always understood that the child or children of any of my deceased children shall take the part or share of the said trust estate that the parent would have taken had I died intestate."

And again :

"The child or children of each deceased child taking the part or share which the parent would be entitled to."

In the gift of the residue in the last codicil similar language is employed.   By the term " issue " he meant children.   The gift of the share of rents was to Mrs. De Camp for life, and if she should die before the end of the trust it was to go to her children. Her deceased son's share of it went to his children.   It has been often held that the distribution under such a provision as that under consideration is stirpital.   *Orton's Trust, L. R. (3 Eq.) 375 ; Bryden* v. *Willett, L. R. (7 Eq.) 472 ; Ross* v. *Ross, 20 Beav. 645 ; Robinson* v. *Sykes, 23 Beav. 40.*   There will be a decree in accordance with these views.